IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,603-01






EX PARTE JAMES EDWARD MILLER, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM LAMAR COUNTY

IN THE 6TH JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. 19689 HC-1



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated assault, and punishment was assessed at confinement for twenty-five years. No direct appeal was taken. 

 Applicant contends that his plea of guilty was involuntary because counsel misled him
by telling him he was entering a plea to assault, but not to aggravated assault. The trial court
has not entered findings of fact or conclusions of law. We believe that Applicant has alleged
facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed. Because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court shall resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from trial counsel, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether or not Applicant's plea of guilty was involuntary. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE FIRST DAY OF FEBRUARY, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.